IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES,         : | CRIMINAL ACTION |
|    Plaintiff,           : | |
|                   : | |
| v.                          : | |
|                   : | |
| TOMMIE DUNLAP,  : | NO. 06-CR-0135 |
|    Defendant.         : | |

MEMORANDUM

LEGROME D. DAVIS, J.                                                                                   JUNE 27, 2006

On June 6, 2006, this Court sentenced the defendant to eighteen months in custody for a probation violation.[1] Although the Court set forth the rationale for its decisions on the record, this memorandum will provide a more thorough explanation of the Court's reasoning.[2]

After pleading guilty to conspiracy to possess cocaine base with the intent to distribute, Tommie Dunlap was sentenced by United States District Judge Maurice B. Cohill, Jr. on October 23, 2000 to 80 months imprisonment, to be followed by five years supervised release. Defendant was released from custody on January 14, 2005, at which time his period of supervised release commenced.[3] A general condition of defendant's supervised release was that he not leave the judicial district without the permission of the Court or the probation officer. On January 10, 2006, defendant left the jurisdiction without permission, traveled to Erie, Pennsylvania, and

---

[1] Defendant was not sentenced to a period of supervised release.

[2] This memorandum is filed pursuant to Local Appellate Rule 3.1.

[3] Defendant served about 60 months of his sentence.

stayed there for about eight days. See 6/6/06 Tr. at 6.  Defendant admits that he violated his probation by traveling to Erie without permission.  See 6/6/06 Tr. at 8, 20.[4]

Defendant has a criminal history category of III, and the violation is a grade C violation. Accordingly, under U.S.S.G. § 7B1.4(a), the recommended sentencing range for this violation is five to eleven months.[5]  "When a court imposes a sentence in accordance with Revocation of Supervised Release proceedings, it must 'consider' the sentencing range under U.S.S.G. § 7B1.4(a), as well as 'state on the record its general reasons under 18 U.S.C. § 3553(a).'" United States v. Serrano, No. 05-2347, 2006 U.S. App. LEXIS 8233, at *5 (3d Cir. Apr. 5, 2006) (quoting United States v. Blackston, 940 F.2d 877, 893-94 (1991)).  The court must consider: "(1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to afford adequate deterrence to criminal conduct; (4) the need to protect the public from further crimes of the defendant; and (5) the need to provide the defendant with adequate treatment." Blackston, 940 F.2d at 893-94; see also 18 U.S.C. § 3553(a).

After considering all of these factors, this Court determined that a longer sentence than that recommended by U.S.S.G. § 7B1.4(a) was required in this case.  The history and

---

[4] Defendant has a right of allocution in a revocation hearing. United States v. Plotts, 359 F.3d 247, 249-50 (3d Cir. 2004).  Under Federal Rule of Criminal Procedure 32(i)(4)(A)(ii), a court must, before imposing sentence, "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence."  The Court addressed defendant; however, defendant exercised his Fifth Amendment privilege against self-incrimination. See 6/6/06 Tr. at 19-20; see also United States v. Mitchell, 526 U.S. 314 (1999) (holding that a guilty plea is not a waiver of defendant's Fifth Amendment privilege against self-incrimination at sentencing and that a trial court may not make an adverse inference from the defendant's silence).

[5] The recommended sentences under U.S.S.G. § 7B1.4(a) are advisory in nature and not strict guidelines. United States v. Schwegel, 126 F.3d 551, 552 (3d Cir. 1997).

characteristics of the defendant weigh heavily in favor of a longer than recommended sentence. Defendant has a history of not being amenable to supervised release. Defendant was on probation for attempted possession of cocaine base when he was arrested in Erie on the federal charge of conspiracy to possess cocaine base with the intent to distribute. This Court finds nothing in defendant's record that evidences an amenability to supervision. See Violation of Supervised Release Dispositional Report at 1, 4 ("community based supervision does little to deter Mr. Dunlap from violating the law"). On the contrary, defendant has acted with flagrant disregard for the terms of his probation. This Court has no doubt that defendant will not succeed under this Court's supervision.

Defendant's utter lack of respect for the authority of the court was evident from the moment the judge entered the courtroom, as defendant glared at the judge and refused to stand. 6/6/06 Tr. at 22. United States v. Hassan, 104 Fed. Appx. 834, 836 (3d. Cir. 2004) (finding that a district court that imposed a term of imprisonment longer than the recommended range properly considered, inter alia, the defendant's lack of respect for the authority of the court). Defendant's lack of respect for the authority of the court, coupled with his lack of amenability to supervision, convince this Court that defendant's history and characteristics weigh in favor of a longer than recommended period of incarceration and counsel against a period of supervised release.

This Court finds that the nature and circumstances of the offense also weigh in favor of a longer than recommended sentence. A few weeks prior to his leaving the jurisdiction without permission on January 10, 2006, defendant requested, and was granted, permission to go to Erie for the Christmas holiday. 6/6/06 Tr. at 6. Defendant's prior compliance demonstrates that he knowingly disregarded the terms of his supervised release. The Court agrees with the

Government that the fact that defendant chose not to seek permission to leave the jurisdiction when he knew it was required "raises many questions." <u>See</u> <u>id</u>. at 18.

In addition, given defendant's criminal history, this Court finds that a period of incarceration is needed to protect the public from further crimes by the defendant.

Accordingly, defendant is sentenced to eighteen months in custody.

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.